## WOODS *v.* THE STATE.

1. There was no error in admitting in evidence against the accused a certified copy of a mortgage which was material and relevant to the issue (the loss of the original having been duly shown), over an objection that there had been an agreement between counsel for the accused and the solicitor-general that the latter might introduce a certified copy of another mortgage, which, however, upon investigation, was found to be totally irrelevant. The copy actually introduced was admissible without reference to the agreement, and there was nothing to show that the accused or his counsel had been in any manner "entrapped."

2. It not appearing that a request to charge was in writing, the refusal to give it is not cause for a new trial.

3. There was sufficient evidence to authorize the verdict.

Submitted April 19, — Decided May 5, 1897.

Indictment for cheating and swindling. Before Judge Beck. Butts superior court. February term, 1897.

*Ray & Ray*, for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* by *Anderson, Felder & Davis,* contra.

LUMPKIN, P. J.   1. Before the trial in the court below, the solicitor-general, being under the impression that a certain mortgage would be material and relevant evidence, obtained an agreement from counsel for the accused, to the effect that a certified copy of this mortgage might be introduced in evidence, instead of the original.   Upon further investigation, it appeared that this mortgage would be totally irrelevant; and therefore the State's counsel made no effort to avail himself of this agreement.   He did offer in evidence a certified copy of another mortgage which was pertinent.   The loss of the original of this mortgage was duly shown, and the only objection made to its admission was the fact that the solicitor-general and counsel for the accused had made the agreement above mentioned.   This objection was properly overruled.   The copy offered was admissible, after duly accounting for the original, without reference to the agreement; and we are at a loss to perceive how admitting it worked any injustice to the accused, or that the counsel for the latter had, by reason of the facts stated, been in any manner "entrapped," as he insisted was the case.

2. Complaint is made that an oral request to charge presented to the court by counsel for the accused was refused. This court has frequently held that a trial judge is not bound to give in charge any request unless the same has been reduced to writing.   Without, therefore, undertaking to decide whether or not the request preferred in the present instance was pertinent and embodied a correct principle of law, we simply hold that the refusal to give it is not cause for a new trial.

3. The evidence authorized the verdict rendered.

*Judgment affirmed.   All the Justices concurring.*